**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MARIA ELENA CASTRO GONZALEZ,**
Individually, and as Personal Representative of
the Estate of Jose H. Gonzalez,

                **Plaintiff,**

-vs-                                          **Case No. 6:08-cv-315-Orl-19DAB**

**PIRELLI TIRE, LLC; SEARS, ROEBUCK &
COMPANY; FORD MOTOR COMPANY,**

                **Defendants.**

# ORDER

This case comes before the Court on the following:

1. Motion to Amend the Complaint to Add a Claim for Punitive Damages in These Combined Cases by Plaintiff Maria Elena Castro Gonzalez, Individually and as Personal Representative of the Estate of Jose H. Gonzalez (Doc. No. 10, filed Mar. 17, 2008);

2. Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint to Add a Claim for Punitive Damages in These Combined Cases by Defendant Pirelli Tire, LLC (Doc. No. 27, filed Mar. 31, 2008);

3. Partially Opposed Motion to Amend the Complaint to Add a New Defendant by Plaintiff (Doc. No. 35, filed May 7, 2008); and

4. Opposition to Plaintiff's Motion to Amend the Complaint to Add New Defendant by Defendant Pirelli Tire, LLC (Doc. No. 36, filed May 9, 2008).

**Background**

Plaintiff Maria Elena Castro Gonzalez originally brought two actions in state court, one individually and the other as personal representative of the estate of Jose H. Gonzalez, against Defendants Pirelli Tire, LLC; Sears, Roebuck & Company; and Ford Motor Company.[1] These cases were removed to the United States District Court for the Southern District of Florida. (*Gonzalez (Individually)*, Doc. No. 1, filed May 24, 2007; *Gonzalez (Personal Representative)*, Doc. No. 1-1, filed May 24, 2007.)[2] The two cases in the Southern District of Florida were then consolidated under Case Number 9:07-cv-80453-KAM. (*Gonzalez (Personal Representative)*, Doc. No. 24, filed July 13, 2007.)[3]

The Order of consolidation summarized the factual background of this case as follows. (*Id.*, Doc. No. 24, at 1-2.) This is a products liability action stemming from a single motor vehicle accident that occurred on August 24, 2006. (*Id.* at 1.) The Decedent, Jose H. Gonzalez, was driving a Ford motor vehicle at the time of the accident and was killed as a result of his injuries in the accident. (*Id.*) Maria Elena Castro Gonzalez was the sole passenger in the vehicle at the time of the accident and allegedly sustained serious personal injuries. (*Id.*) The Plaintiff/Personal

---

[1] Complaint, *Gonzalez v. Pirelli Tire, LLC*, No. 2007-CA-6793-MB (Fla. 15th Cir. Ct. May 3, 2007); Complaint, *Gonzalez v. Pirelli Tire, LLC*, No. 50-2007-CA-3862-MB (Fla. 15th Cir. Ct. Mar. 15, 2007).

[2] The Court will cite *Gonzalez v. Pirelli Tire, LLC*, No. 9:07-cv-80453-KAM (S.D. Fla. May 24, 2007) as *Gonzalez (Individually)* and *Gonzalez v. Pirelli Tire, LLC*, No. 9:07-cv-80454-KAM (S.D. Fla. May 24, 2007) as *Gonzalez (Personal Representative)*.

[3] The Order of consolidation was filed in Case Number 9:07-cv-80454-KAM and directed the Clerk of the Court to place a copy of the Order of consolidation in Case Number 9:07-cv-80453-KAM. However, this Order does not appear on the docket sheet for Case Number 9:07-cv-80453-KAM which was transferred to this Court. Nevertheless, subsequent filings in that case include the captions of both cases.

Representative in this action, Maria Elena Castro Gonzalez, is the surviving widow of the decedent, Jose H. Gonzalez. (*Id.* at 2.)

After the consolidation of Ms. Gonzalez's cases, a Scheduling Order was entered. (*Gonzalez (Consolidated)*, Doc. No. 22, filed July 23, 2007.)[4] This Order set the deadline to amend the pleadings or add parties as January 15, 2008. (*Id.* at 2.) Later, Plaintiff filed a Motion to extend this deadline until the close of discovery. (*Id.*, Doc. No. 89, filed Jan. 18, 2008.) This Motion was granted, and the deadline to amend the pleadings or add parties was extended until March 15, 2008, the close of discovery. (*Id.*, Doc. No. 92, filed Jan. 25, 2008.)

Defendants in various motions moved to transfer the case to the Middle District of Florida. These motions were granted, and the case was transferred to this Court. (*Id.*, Doc. No. 97, filed Feb. 22, 2008.)

Currently pending before this Court are two Motions to amend the Complaint by Plaintiff. (Doc. Nos. 10, 35.) In her first Motion, Plaintiff seeks to add a claim for punitive damages. (Doc. No. 10.) In her second Motion, Plaintiff requests leave to add an additional defendant, A & J Tires Service. (Doc. No. 35.) Defendant Pirelli Tire, LLC opposes the first Motion and partially opposes the second Motion insofar as it seeks to reopen discovery. (Doc. No. 36.) Since Plaintiff's Motions for leave to amend the Complaint are untimely, Plaintiff is in effect seeking modification of the deadlines set forth in the Scheduling Order[5] pursuant to Federal Rules of Civil Procedure 6 and 16.[6]

---

[4] The Court will cite Case Number 9:07-cv-80453-KAM as *Gonzalez (Consolidated)* for filings after the date of consolidation, July 13, 2007.

[5] The Scheduling Order filed in the Southern District of Florida still applies to the current case. As the Supreme Court has explained, "[The law of the case] doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (continued...)

**Applicable Standard**

The Federal Rules of Civil Procedure provide guidance as to the propriety of extending deadlines. Rule 6 states:

> (b) Extending Time.
>
> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b). Also, Rule 16 provides: "A [scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, when a party files a motion for leave to amend a pleading after the relevant scheduling order deadline has passed, the party must demonstrate both good cause and excusable neglect for the untimely motion. Fed. R. Civ. P. 6(b), 16(b)(4); *Sosa*, 133 F.3d at 1418-19 & n. 2. The Local Rules of this District explain the Court's policy regarding the amendment of pleadings: "A motion to amend any pleading . . . is distinctly disfavored after entry of the Case Management and Scheduling Order." Local Rule 3.05(c)(2)(E).

---

[5](...continued)
(1988), *quoted in Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1369 n. 3 (11th Cir. 2003). An amended Scheduling Order has been entered setting the case for trial on this Court's trial calendar; however, the discovery deadlines from the previous Scheduling Order remain the same. (Doc. No. 37, filed May 14, 2008.)

[6] Since Plaintiff files her Motion for leave to amend after the deadline to amend pleadings set forth in the Scheduling Order, the appropriate standards are found in Federal Rules of Civil Procedure 6 and 16 for the modification of deadlines rather than Rule 15 for the amendment of pleadings. *E.g.*, *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).

**Analysis**

**I.      Motion for Leave to Add Claim for Punitive Damages**

In her first Motion for leave to Amend the Complaint, Plaintiff offers the following basis for the Motion: "Recent discovery and investigation have revealed certain facts which provide a reasonable basis for the filing of [an] additional Count seeking punitive damages against Defendant, FORD MOTOR COMPANY . . . and Pirelli." (Doc. No. 10 at p. 2, ¶ 6.)  Defendant Pirelli Tires, LLC argues in response that many months have passed since it supplied Plaintiff with the requested documents and since Plaintiff deposed Pirelli's corporate representatives. (Doc. No. 27 at pp. 2, 8.) In other words, there is no "recent discovery" regarding Defendant Pirelli. (*Id.*)  Furthermore, Defendant Pirelli asserts, "Now, when discovery is closed, it is too late for Pirelli to conduct additional discovery to determine the basis for Plaintiff's claims for punitive damages.  There is no excuse for Plaintiff's delay in seeking to amend the complaint as to Pirelli." (*Id.* at pp. 8-9.)

Plaintiff has offered no justifiable excuse for her delay in seeking to amend the Complaint to add a claim for punitive damages against either Defendant Ford Motor Company or Defendant Pirelli. (*See* Doc. No. 10.)  Plaintiff has already asked for and received one extension of time to file amended pleadings.  The deadline was set for the close of discovery on March 15, 2008.  Plaintiff failed to meet this deadline and did not move for another extension of time to file an amended pleading.  It appears that a lack of diligence underlies this untimely motion rather than good cause; therefore, Plaintiff's Motion for leave to add a claim for punitive damages must be denied.

**II.     Motion for Leave to Add New Defendant**

In her Motion for leave to add an additional defendant, Plaintiff asserts that the identity of this defendant was not known "[u]ntil recently." (Doc. No. 35 at p. 3, ¶ 8.)  Plaintiff offers no

further explanation about why this party was previously unknown. (*See* Doc. No. 35.) The Motion was filed on May 7, 2008, almost two months after the close of discovery and the deadline to add new parties. Such a belated filing suggests, again, a lack of diligence on the part of Plaintiff. Furthermore, Plaintiff did not file a Motion to extend this deadline and has not demonstrated good cause or excusable neglect for her failure to act in a timely manner as required by Federal Rules of Civil Procedure 6 and 16.[7]   Therefore, the Court must deny Plaintiff's Motion to add a new defendant.

## Conclusion

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Amend the Complaint to Add a Claim for Punitive Damages in These Combined Cases (Doc. No. 10, filed Mar. 17, 2008) and **DENIES** Plaintiff's Partially Opposed Motion to Amend the Complaint to Add a New Defendant (Doc. No. 35, filed May 7, 2008).

---

[7]   Even though this Motion is only partially opposed, Federal Rule of Civil Procedure 16 requires a showing of good cause to extend scheduling order deadlines. When a motion to extend deadlines is raised after the expiration of the deadline, good cause *and* excusable neglect must be demonstrated, regardless of the position of the opposing party, pursuant to Federal Rule of Civil Procedure 6.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 15 , 2008.

/s/ Patricia C. Fawsett

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record