**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARIA ELENA CASTRO GONZALEZ,**
individually, and as Personal Representative of
the Estate of Jose H. Gonzalez,

                **Plaintiff,**

-vs-                                                        Case No.  6:08-cv-315-Orl-19DAB

**PIRELLI TIRE, LLC,  SEARS, ROEBUCK &**
**CO., FORD MOTOR COMPANY,**

                **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1. Motion to Amend the Case Management Order by Plaintiff Maria Elena Castro Gonzalez, Individually and as Personal Representative of the Estate of Jose H. Gonzalez (Doc. No. 64, filed July 25, 2008);

2. Motion for Reconsideration of Motion to Amend to Add Punitive Damages by Plaintiff (Doc. No. 67, filed July 28, 2008);

3. Response to Plaintiff's Motion to Amend Case Management Order by Defendant Ford Motor Company (Doc. No. 68, filed July 29, 2008);

4. Notice of Filing Certification of Compliance with Local Rule 3.01(g) Regarding Plaintiff's Motion for Reconsider[]ation of Motion to Amend to Add Punitive Damages by Plaintiff (Doc. No. 69, filed July 30, 2008);

  5.  Notice of Filing Certification of Compliance with Local Rule 3.01(g) Regarding Plaintiff's Motion to Amend Case Management Order by Plaintiff (Doc. No. 70, filed July 30, 2008); and

  6.  Response to Plaintiff's Motion for Reconsideration of Order Denying Leave to Amend Complaint to Assert Claim for Punitive Damages (Doc. No. 71, filed July 31, 2008).

**I. Motion to Amend Case Management and Scheduling Order**

Plaintiff Maria Elena Castro Gonzalez, acting individually and as Personal Representative of the Estate of Jose H. Gonzalez, moves the Court to amend the Case Management and Scheduling Order to "allow the Plaintiff to disclose an economist expert within 10 days of the date of the Order, to make the economist available in a timely manner for deposition[,] and to allow the Defendant ample time to disclose an economist, should it choose to do so[,] and make the economist available for deposition." (Doc. No. 64 at 4, ¶ 10.) Plaintiff's counsel explains that, due to an inadvertent mistake, he failed to timely disclose "an expert in economics to testify about . . . damages . . . ." (*Id.* at 3, ¶ 5.) Defendant Ford Motor Company[1] does not oppose Plaintiff's requested relief. (Doc. No. 68 at 2, ¶ 4.)

Plaintiff has demonstrated excusable neglect in its untimely filing, and the Court finds good cause to permit amendment of the Case Management and Scheduling Order under Federal Rules of Civil Procedure 6 and 16. Therefore, the Court grants Plaintiff's Motion to Amend the Case Management and Scheduling Order. (Doc. No. 64.)

---

[1] Defendants Pirelli Tire, LLC and Sears, Roebuck & Co. have been dismissed from this case. (Doc. No. 63, filed July 9, 2008.) Ford Motor Company is the only remaining Defendant. (*Id.*)

**II.     Motion for Reconsideration of Order Denying Plaintiff's Motion to Amend Complaint**

Plaintiff moved to amend her Complaint on March 17, 2008 to add a claim for punitive damages. (Doc. No. 10.) The Court denied this Motion, finding that it was untimely. (Doc. No. 38, filed May 15, 2008.) In its Order, the Court explained that the deadline to amend the pleadings was set as March 15, 2008. (*Id.* at 3.) Plaintiff's March 17, 2008 Motion to Amend was therefore two days late. (*Id.* at 5.) However, as Plaintiff notes in her Motion for Reconsideration, March 15, 2008 fell on a Saturday. (Doc. No. 67 at 2.) Plaintiff cites Federal Rule of Civil Procedure 6 which states in pertinent part:

> Include the last day of the period unless it is a Saturday, Sunday, legal holiday, or–if the act to be done is filing a paper in court–a day on which weather or other conditions make the clerk's office inaccessible. When the last day is excluded, the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day when the clerk's office is inaccessible.

Fed. R. Civ. P. 6(a)(3). Pursuant to this Rule, the last day for the parties to file timely amendments to the pleadings was Monday, March 17, 2008. Plaintiff's May 17, 2008 Motion to Amend was therefore timely. It would have been prudent for Plaintiff to alert the Court to this issue at the time of filing her Motion to Amend. Nevertheless, the Court's Order denying Plaintiff's Motion to Amend as untimely was based on a mistake of fact and should be reconsidered.

Defendant does not offer any argument in its Response relating to the application of Federal Rule of Civil Procedure 6(a)(3) to Plaintiff's Motion to Amend the Complaint. (*See* Doc. No. 71.) Defendant instead asserts that the Motion was made at the last minute, an amendment to the Complaint would seriously prejudice Defendant, and the addition of a claim for punitive damages would be futile. (*Id.*) These arguments would perhaps support a Rule 16 argument not to extend deadlines but do not constitute reasons not to permit a timely sought amendment.

Federal Rule of Civil Procedure dictates that "[t]he court should freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Given this liberal standard, as well as the timeliness of Plaintiff's Motion, the Court should have granted Plaintiff's Motion to Amend the Complaint. Accordingly, Plaintiff's Motion for Reconsideration is granted.

## Conclusion

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. The Motion to Amend the Case Management Order by Plaintiff Maria Elena Castro Gonzalez, Individually and as Personal Representative of the Estate of Jose H. Gonzalez (Doc. No. 64, filed July 25, 2008) is **GRANTED AS UNOPPOSED** as follows:

    a. Plaintiff has leave to disclose an economist expert witness within **ten (10) days** of the date of this Order;

    b. Defendant has leave to disclose an economist expert witness with **ten (10) days** from the date of Plaintiff's disclosure;

    c. The deadline for the completion of discovery for the purpose of deposing the economist expert witness(es) is extended to **Friday, September 19, 2008**;

    d. The deadline for the parties to meet in person to prepare a Joint Final Pretrial Statement is extended to **Friday, September 26, 2008**;

    e. The deadline for the parties to file a Joint Final Pretrial Statement is extended to **Friday, October 10, 2008**; and

    f. All other deadlines remain unchanged at this time, including the trial date, set for the trial term beginning November 3, 2008.

2. The Motion for Reconsideration of Motion to Amend to Add Punitive Damages by Plaintiff (Doc. No. 67, filed July 28, 2008) is **GRANTED**. The portion of the Court's May 15, 2008 Order denying the Motion to Amend the Complaint to add a claim for punitive damages (Doc. No. 38) is **VACATED**. All other portions of the Order remain valid and in effect.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on August  5 , 2008.

*[Signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party