# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARIA ELENA CASTRO GONZALEZ,**
individually, and as Personal Representative
of the Estate of Jose H. Gonzalez,

        **Plaintiff,**

-vs-                                    Case No. 6:08-cv-315-Orl-35DAB

**FORD MOTOR COMPANY,**

        **Defendants.**
_____

**MARIA ELENA CASTRO GONZALEZ,**
individually and as Personal Representative
of the Estate of JOSE H. GONZALEZ,

        **Plaintiff,**

-vs-                                    Case No. 6:08-cv-1279-Orl-35DAB

**A & J TIRE SERVICE, LLC.,**

        **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration with oral argument[1] on the following motion filed herein:

> **MOTION:** MOTION TO APPROVE SETTLEMENT INCLUDING APPORTIONMENT OF PROCEEDS (Doc. No. 104)
>
> **FILED:** June 5, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

---

[1] Oral argument was heard on June 22, 2009.

Plaintiff Maria Elena Castro Gonzalez, as Personal Representative, brought wrongful death claims against Defendants Ford Motor Company and A&J Tire Service, LLC arising out of the death of her husband, Jose H. Gonzalez (the "Decedent"), who died in a rollover accident while driving his 1996 Ford Explorer on Interstate 95 in the city of Cocoa, Florida, when a failure of the right rear tire occurred; Plaintiff was a passenger in the front seat and suffered non-fatal personal injuries, thus she also brought personal injury claims individually.

Plaintiff reached a settlement with Defendants Ford Motor Company and with A&J Tire Service, LLC, the proceeds of which are to be allocated among the statutory survivor claimants, including Decedent's minor son, David Gonzalez. Pursuant to Federal Rule of Civil Procedure 17(c) and Florida Statutes § 744.3025(1), at Plaintiff's unopposed suggestion, the Court appointed J. Clancey Bounds, Esq. as the Guardian Ad Litem to review the settlement to ensure it was in the best interests of the minor. *See* Doc. No. 103.

Plaintiff now seeks approval of the settlement on behalf of Decedent's and her seventeen year old minor son, David Gonzalez. The Guardian Ad Litem reviewed the entire file and met with the family and their attorney; he also reviewed the attorney's fees and costs and opines they are reasonable. Doc. No. 104 at 708. Based on this review of documents and considering the circumstances of the case, the Guardian Ad Litem has opined that the settlement is in the best interests of the Minor, David Gonzalez, considering the age of David and the limited number of months until he reaches majority. Doc. No. 104 at 8-9. Because of the Minor's age which is near to the age of majority and the lack of any available annuity product, the Guardian Ad Litem recommends that the funds be placed in a secured, interest bearing account for the benefit of the minor until he reaches his age of majority. Doc. No. 104 at 9. The Guardian further recommends that the parent and guardian, Maria Elena Castro Gonzalez, be authorized to accept the settlement and negotiate all applicable releases, closing statements, guardianship accounts and stipulations of dismissal. Doc. No. 104 at 9.

At the June 22, 2009 oral argument on the Motion to Apportion the Proceeds of the Settlement, Plaintiff described the circumstances of the settlement and the amounts to be apportioned between the Minor and Plaintiff. On an overall basis and in light of the defenses raised by the Defendants, it appears that the settlement is a strong result for the survivor, Plaintiff and David Gonzalez. Defendants have expressed no objection to the settlements or apportionment made to the survivors. Plaintiff's counsel represented that the attorney's allocation had previously been approved by the state court. Accordingly, it is respectfully **RECOMMENDED** that the Guardian Ad Litem's recommendations be adopted as follows:

1) The settlement is in the best interests of the Minor, David Gonzalez and apportionment of the settlement to David Gonzalez as stated on the record at the hearing on June 22, 2009 be approved by the District Judge;

2) The settlement to the Minor, David Gonzalez, be placed in a secured, interest bearing account for the benefit of the minor until he reaches his age of majority; and

3) Plaintiff Maria Elena Castro Gonzalez, the parent and guardian of David Gonzalez, be authorized to accept the settlement and negotiate all applicable releases, closing statements, guardianship accounts and stipulations of dismissal.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 23, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy