UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARIA ELENA CASTRO GONZALEZ,**
**individually and as Personal**
**Representative of the Estate of**
**JOSE H. GONZALEZ,**

    **Plaintiff,**

v.                                            **Case No.: 6:08-cv-315-Orl-35DAB**

**FORD MOTOR COMPANY,**

    **Defendant.**
_____/

**MARIA ELENA CASTRO GONZALEZ,**
**individually and as Personal**
**Representative of the Estate of**
**JOSE H. GONZALEZ,**

    **Plaintiff,**

v.                                           **Case No.: 6:08-cv-1279-Orl-35DAB**

**A & J TIRE SERVICE, LLC.,**

    **Defendant.**
_____

## **ORDER**

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion to Approve Settlement, Including Apportionment of Proceeds (the "Motion to Approve Settlement"), filed in Case No.: 6:08-cv-315, on June 5, 2009. (Case No.: 6:08-cv-315, Dkt. 104). As one of the beneficiaries of the settlement in this case is a minor child of the decedent, David Gonzalez (the "Minor"), the Court appointed a guardian ad litem to review

the terms of settlement and issue a report specifying whether such terms are in the best interest of the Minor. (Case No.: 6:08-cv-315, Dkts. 102, 103). The guardian's report is attached to Plaintiff's Motion to Approve Settlement. (Case No.: 6:08-cv-315, Dkt. 104). On June 23, 2009, after reviewing the guardian's report and hearing oral argument on Plaintiff's Motion to Approve Settlement, Judge David A. Baker issued a Report and Recommendation (the "Recommendation"), recommending that Plaintiff's Motion to Approve Settlement be granted. (Case No.: 6:08-cv-315, Dkt. 107). No objection was filed to the Recommendation and the deadline to file such has passed.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied,* 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of Plaintiff's Motion to Approve Settlement and Judge Baker's related Recommendation, in conjunction with an independent examination of the records

in both above-styled cases, to include a review of the digital recording of the Hearing on the Motion to Approve Settlement held before Judge Baker on June 22, 2009 (Case No.: 6:08-cv-315, Dkt. 106), the Court is of the opinion that Judge Baker's Recommendation should be adopted, confirmed, and approved in all respects. Specifically, the Court finds that the settlement and the planned apportionment of net settlement proceeds between Plaintiff and the Minor, as stated on the record in the Hearing on the Motion to Approve Settlement, is in the best interests of the Minor.

Accordingly, it is **ORDERED** that:

1. Judge Baker's Recommendation (Case No.: 6:08-cv-315, Dkt. 107) is **CONFIRMED** and **ADOPTED** as part of this Order;

2. Plaintiff's Motion to Approve Settlement, Including Apportionment of Proceeds (Case No.: 6:08-cv-315, Dkt. 104) is **GRANTED**. The settlement is approved in accordance with the following:

    (a) After payment of attorneys' fees and costs, to include those of the guardian ad litem, is made from the gross settlement proceeds, the net settlement proceeds shall be apportioned such that Plaintiff shall receive 75% of such net settlement proceeds and the Minor shall receive the remaining 25% of such net settlement proceeds;

    (b) All proceeds so apportioned to the Minor shall be placed in a secured, interest bearing account for his benefit until he reaches the age of majority, and the Minor shall be granted full access to such account upon his reaching the age of majority;

(c) Plaintiff, the parent and guardian of the Minor, shall be authorized to accept the settlement and negotiate all applicable releases, closing statements, guardianship accounts, and stipulations of dismissal; and

(d) Pursuant to the best interests of the Minor and in furtherance of the interests of justice, the terms of settlement not otherwise disclosed in this Order shall be considered confidential, and the Court's record of the Hearing on the Motion to Approve Settlement (Dkt. 106) is sealed; and

3. The **Clerk** is directed to **SEAL** the Court's record of the Hearing on the Motion to Approve Settlement and **CLOSE** the above-styled cases, with the direction that costs and attorneys' fees be paid in accordance with the terms of settlement.

**DONE** and **ORDERED** in Orlando, Florida, this 16th day of July 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record